**Commonwealth v. Hockenberry**

*Karen Kuebler,* for Commonwealth.
*Deborah Lux,* for defendant.

GRINE, *J.,* November 15, 2007—Presently before the court is a motion for relief under Rule 573(E) of the Pennsylvania Rules of Criminal Procedure brought by Frederick C. Hockenberry (defendant). Defendant claims

that a copy of a report written by Agent David Jordan after a joint interview of defendant with Officer Thomas Thal has essentially not been provided to him since the copy he and his counsel received of the report was almost entirely redacted. The Commonwealth claims that the report contains no information material to the crime which defendant is currently being prosecuted for, and additionally that the material contained in the report is confidential and sensitive. After hearing arguments on the motion and reviewing the applicable law and defendant's motion, the court denies defendant's motion for relief under Rule 573(E) of the Pennsylvania Rules of Criminal Procedure.

## PRELIMINARY DISCUSSION

Defendant was arrested by Officer Thal on December 20, 2006. Defendant was charged with forgery, 18 Pa.C.S. §4101(a)(2); theft by deception, 18 Pa.C.S. §3922(a)(1); and receiving stolen property, 18 Pa.C.S. §3925(a). These charges resulted from three checks written from a bank account in the name of Michael A. Brooks Sr., which are alleged to have been cashed on July 9, July 10, and July 13, 2006 at the Bilo Market, 821 E. Bishop St., Bellefonte, Centre County, Pennsylvania. Defendant waived his right to a preliminary hearing in Centre County Central Court before Magisterial District Judge Jonathan Grine on January 31, 2007. On February 27, 2007, defendant waived formal in-court arraignment.

Also on February 27, 2007, a motion was filed with the office of the district attorney in compliance with and pursuant to the informal request provision for pretrial discovery and inspection in Pa.R.Crim.P. 573(A). The

Commonwealth provided defendant with several of the items requested. At issue in this motion is a report written by Agent Jordan which was almost entirely redacted.

## DISCUSSION

Pennsylvania Rule of Criminal Procedure 573 deals with discovery issues in criminal cases. Rule 573(B) states:

*"Disclosure by the Commonwealth.*

"(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

"(a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;

"(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth . . .

"(2) *Discretionary with the court.*

"(a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigat-

ing Grand Jury), if the defendant files a motion for pre-trial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

"(i) the names and addresses of eyewitnesses;

"(ii) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

"(iii) all written and recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not; and

"(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice . . . ."

The report at issue in this motion does not fall under any of the mandatory discovery items in Rule 573(B)(1). Rule 573(B)(2) gives the court discretionary power to order discovery of certain items. Relevant in this case is Rule 573(B)(2)(a)(iv) which gives the court discretionary power to compel discovery of evidence which is specifically identified by the defendant as evidence whose disclosure would be in the interest of justice. The court finds that the evidence at issue here does not meet the criteria of Rule 573(B)(2)(a)(iv) as evidence whose disclosure is in the interest of justice. Here, the information contained in the report at issue was taken almost entirely from statements made by defendant. As such, de-

fendant already possesses the information contained in the report. Also, the information contained in Agent Jordan's report is not information which is relevant to defendant's current criminal trial. Therefore, withholding the information contained in Agent Jordan's report will in no way hinder defendant's ability to present a competent defense to his current criminal charges.

In addition for the reasons stated above for withholding Agent Jordan's report, the Commonwealth has shown that the information contained within the report is sensitive material relating to ongoing investigations. Therefore the court denies defendant's motion for relief under Rule 573(E) of the Pennsylvania Rules of Criminal Procedure.

## ORDER

And now, November 15, 2007 defendant's motion for relief under Rule 573(E) of the Pennsylvania Rules of Criminal Procedure is denied.